UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CIVIL ACTION NO. 2016-127 (WOB-CJS)**

**MERCHANTS BONDING CO.**                                   **PLAINTIFF**

**VS.**             **MEMORANDUM OPINION AND ORDER**

**SITEWORX DESIGN BUILD, LLC ET AL.**           **DEFENDANTS**

This matter is before the Court on defendant's motion for summary judgment (Doc. 23). As will be discussed below, plaintiff has not filed a response to this motion.

*Factual and Procedural Background*

Plaintiff Merchants Bonding Company filed its complaint against defendants Siteworx Design Build, LLC and Kenneth M. Holland on July 7, 2016. (Doc. 1.) Plaintiff, a company that issued bonds pertaining to a construction project in Covington, Kentucky, alleges that it was forced to pay substantial sums pursuant to the bonds when defendants failed to perform their obligations under the project. Plaintiff seeks to recover the amount of the bonds, plus interest, costs, and fees.

The parties' relationship is governed by a General Application and Agreement of Indemnity contract (the "GAI"). (Doc. 23-2.) The GAI provides in relevant part:

- [defendants] shall unconditionally indemnify and keep indemnified [plaintiff] against any and all liability, loss and expense of whatsoever kind or nature,

including, but not limited to, court costs, attorneys' fees, and interest, which [plaintiff] may sustain or incur (1) by reason of having executed or produced execution of any Bond or Bonds, (2) by reason of the failure of [defendants] to perform or comply with this Agreement, or (3) to enforce any of the covenants and conditions of this Agreement.

- "[plaintiff] shall have the exclusive right for itself and for [defendants] to decide and determine whether any claim, demand, suit, or judgment shall, on the basis of liability, expediency or otherwise, be paid . . ., and [plaintiff's] determination shall be final, conclusive and binding upon [defendants]."

- "Vouchers, affidavits or other evidence of payment by [plaintiff] of any loss, cost or expense shall be prima facie evidence of their propriety and the liability of [defendants] to [plaintiff] for such loss, cost or expense."

- "[Plaintiff] shall be entitled to charge for any and all disbursements made by it in good faith in and about the matters contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed."

- "Immediately upon demand, [defendants] will deposit with [plaintiff], as collateral security, money or other collateral satisfactory to [plaintiff], equal to (1) the liability of [plaintiff], if established; (2) the liability asserted against [plaintiff]; or (3) the reserve established by [plaintiff], or any increase thereof, to cover any liability for any loss or expense for which [defendants] may be obligated to indemnify [plaintiff] under the terms of this Agreement."

- "[Plaintiff] shall be entitled to enforce the obligations of this Agreement directly against [Mr. Holland], or any one of them, without the necessity of first proceeding against [Siteworx]."

(Doc. 23-2, at 2, 4, 5).

Plaintiff caused the complaint to be personally served on Mr. Holland, (Doc. 9), who then filed an answer, (Doc. 11), pro se.

However, plaintiff did not immediately effect service on Siteworx. Accordingly, the Court sua sponte issued two show cause orders (Docs. 13, 27) requiring plaintiff to provide proof of service on Siteworx or noting that, pursuant to Federal Rule of Civil Procedure 4(m), the claims against Siteworx would be dismissed. On November 7, 2017, plaintiff filed a notice informing the Court that it was unable to obtain service on Siteworx through its agent, Kenneth Holland. (Doc. 34.)

During the pendency of this litigation, plaintiff served discovery on defendants, including requests for admission. (*See* Doc. 18.) Defendants failed to respond to these requests for admission, and they were deemed admitted on July 19, 2017. (*See* Doc. 20.) Plaintiff filed its dispositive motion on August 25, 2017. (Doc. 23.) Neither defendant filed a response, even when this Court ordered a response by October 2, 2017. (Doc. 26.)

*Analysis*

**A. Defendant Siteworx**

Pursuant to Federal Rule of Civil Procedure 4(m), Defendant Siteworx must be dismissed. Rule 4(m) provides that a plaintiff must serve a defendant within 90 days after the complaint was filed or the court "must dismiss the action without prejudice against that defendant" or order service be made by a specified time. The record reveals that, although Mr. Holland was served, Siteworx was not. Mr. Holland was served with a summons identifying only Mr. Holland as a defendant. (Doc. 9.) Even assuming that Mr. Holland is the proper agent for service of Siteworx, service on him

3

individually does not effect service on Siteworx. *See Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 514-15 (3d Cir. 1971)(rejecting the plaintiff's argument that service on the individual defendant constituted service on the corporation, recognizing that a business entity "enjoys an identity separate and apart from its stockholders, directors, and officers"); *Kentucky Bonding Co. v. Commonwealth*, 199 S.W. 807, 808 (Ky. 1918)(finding that service had not been effected as to a business entity when an individual defendant was served with a summons to him in his official capacity, concluding that "[i]n order to make its service effective as to the [business entity], the summons must have been issued against it in its corporate name").

Defendant Siteworx has never been served with a summons in its name, along with a copy of the complaint, and plaintiff's most recent notice indicates that service cannot occur, as it has no address for Siteworx or its agent. Therefore, Siteworx must be dismissed.

**B. Plaintiff's Motion for Summary Judgment as to Defendant Holland**

Despite the various extensions and warnings by the Court about his failure to respond to plaintiff's motion for summary judgment, Mr. Holland has still failed to file any response. This alone is cause for the Court to grant the motion. *See* Joint Local Rule 7.1(c) ("Failure to timely respond to a motion may be grounds for

4

granting the motion."). The fact that plaintiff does not have counsel does not excuse this failure. *See Fleet Engineers, Inc. v. Mudguard Tech.,* LLC, No. 1:12-cv-1143, 2014 WL 12465464, at *1 (W.D. Mich. July 11, 2014) (entering default against defendant who had been granted several extensions to find new counsel); *Ward v. Wal-Mart Stores, Inc.*, Civil No. 3:05-0777, 2006 WL 3098800, at *2 (M.D. Tenn. Oct. 30, 2006) (granting motion to dismiss case where plaintiff was unrepresented; plaintiff had been given extension of time to find a new attorney and warned that he must file a response to the motion to dismiss).

Moreover, plaintiff's motion to dismiss should be granted on the merits. The Court need not expend judicial resources reviewing these issues at length, as plaintiff's motion thoroughly sets forth the law and the record evidence that warrants dismissal.

In summary, the evidence in the records shows that plaintiff is entitled to summary judgment. The governing document, the GAI, sets forth the terms under which plaintiff shall be paid—any time plaintiff incurs loss or expense as a result of: (1) executing a bond, (2) defendants' failure to perform or comply with the GAI, or (3) enforcing the GAI. (*See* Doc. 23-2). There can be no dispute from the record evidence that the parties executed the GAI, (*id.*); plaintiff executed bonds on defendants' behalf, (doc. 23-4, Affidavit of Michael C. Fisk and exhibits, at 6-11); plaintiff paid a claim pursuant to those bonds, (*id.* at 24);

plaintiff demanded payment and collateral, which defendants refused to provide, (*id.* at 2, 26, 29); and plaintiff has incurred costs pursuing recovery of the amount owed, (*id.* at 2).

In sum, Mr. Holland has failed to oppose plaintiff's motion for summary judgment, and the Court's own independent review of the record yields the conclusion that plaintiff is entitled to judgment as a matter of law.

Therefore, having reviewed this matter, and the Court being sufficiently advised, **IT IS ORDERED** that

(1) the claims asserted against Defendant Siteworx be, and are hereby, **DISMISSED WITHOUT PREJUDICE;**

(2) plaintiff's motion for summary judgment (Doc. 23) be, and is hereby, **GRANTED** as to Defendant Kenneth Holland; and

(3) within 10 days from entry of this order, plaintiff shall file a supplemental brief with evidentiary support providing further clarification as to the amount plaintiff claims is owed under the GAI. Review of plaintiff's previous submissions reflects some discrepancies.

This 15th day of November, 2017.



Signed By:
*William O. Bertelsman* WOB
United States District Judge